## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **ALBERT FOLDEN**<br>     **LA. DOC #457584** | **CIVIL ACTION NO. 3:12-cv-2539** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WEST CARROLL DETENTION**<br>**CENTER, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Albert Folden, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 22, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC) and he is confined at the Riverbend Detention Center, Lake Providence, Louisiana; however, he complains that he was labeled a "snitch" by a corrections officer at West Carroll Detention Center (WCDC) and thereafter was in an "altercation" involving numerous other inmates.  He sued the WCDC, the Emerald Correctional Management Co., Sgt. Thompson, and the various inmates who were involved in the complained of "altercation."  Plaintiff prays for an unspecified amount of money damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Background*

On July 7, 2012, plaintiff, an LDOC inmate housed at WCDC, was involved in an altercation with inmates Lewis, Wells, Mingo, Adams, Nelson, "Earl," and "Poogh." Plaintiff

claimed that these inmates "jumped" him after Sgt. Thompson "labeled" plaintiff a confidential

informant after plaintiff reported two inmates for engaging in sexual intercourse.

Plaintiff was examined for injuries and placed in protective custody against his will.

*Law and Analysis*

**1. Screening**

When a prisoner or detainee is allowed to proceed *in forma pauperis* in a suit against an

officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to

evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails

to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who

is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438,

440 (5th Cir.1990).   A civil rights complaint fails to state a claim upon which relief can be

granted if it appears that no relief could be granted under any set of facts that could be proven

consistent with the allegations of the complaint. Of course, in making this determination, the

court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157

F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint

as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116,

1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given

broad discretion in determining when such complaints are frivolous. *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft v. Iqbal,* 596 U.S. 662,  129 S.Ct. 1937, 1949,  173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff filed an original complaint outlining the broad contours of his claim. Further amendment is unnecessary.

### 2. Juridical Entity

Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  Thus, Louisiana law governs whether an entity such as a  corrections facility or prison management company has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.  To the extent plaintiff seeks judgment against these defendants, he must show that they are juridical persons capable of being sued.

It does not appear that the WCDC is a juridical entity capable of being sued. Therefore, as to this defendant, plaintiff has failed to state a cause of action.  Emerald Correctional Management LLC is arguably a juridical entity capable of being sued; however,  it appears that plaintiff seeks  to hold this corporate entity liable under 42 U.S.C. § 1983 for the acts or omissions of their employee. However, just as a municipal corporation is not vicariously liable for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights. *See Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir.2003), where the Fifth Circuit extended municipal corporate liability under § 1983 to include private prison-management corporations and their employees. Plaintiff's complaint is devoid of any allegations that an official policy or custom was the "moving force" behind their employee's alleged deprivation of his civil rights.

In other words, plaintiff's claims against WCDC or the prison management company which oversees it is subject to dismissal either because they are not juridical entities capable of being sued, or, in the alternative, because plaintiff has alleged only vicarious liability on the part of the corporate entity.

### 3. State Actors

Plaintiff has also named his assailants, inmates Lewis, Wells, Mingo, Adams, Nelson, "Earl," and "Poogh" as defendants.  Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  Thus, the plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law.

4

The complaint is devoid of any allegation which indicates that the inmate defendants were acting under the color of state law.   Absent some allegation to establish these defendants as a "state actors," plaintiff's complaint fails to state a claim against them and must be dismissed as frivolous.

### 4. Failure to Protect

Plaintiff implies that the defendant Thompson is liable for failing to protect him from assault by fellow inmates. The Eighth Amendment prohibits the imposition of cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care;  and, they must take reasonable measures to guarantee the safety of the inmates in their custody. *See Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "It is not, however, every injury suffered by a prisoner at the hands of another that translates into constitutional liability for prison officials." *Farmer*, 511 U.S. at 834.  When considering a claim regarding prison conditions, including claims that prison officials failed to protect an inmate-plaintiff, the court must consider "whether society considers the risk ... to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

To prevail on a failure to protect claim, the plaintiff-inmate must show that he was incarcerated "under conditions posing a substantial risk of serious harm" and that the defendant prison officials were deliberately indifferent to the his  health and safety.  *Id.*

In other words, it is only a prison official's <u>deliberate indifference to a substantial risk of serious harm to an inmate</u> that constitutes cruel and unusual punishment as prohibited by the

Eighth Amendment. See *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  To establish a failure to protect claim, a "prisoner must prove both that he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials were deliberately indifferent to his need for protection." *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir.1995), citing *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994).  A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Plaintiff has not shown that the defendant prison official knew that he faced a substantial risk of serious harm from attack on the part of his fellow inmates.   His claim that Thompson labeled him as a "snitch" is conclusory at best; it is unsupported by any factual allegation. Nevertheless, even had plaintiff shown that Thompson made such a remark, he has not shown that Thompson actively desired the harm that ultimately befell plaintiff.  To the contrary, plaintiff has shown that prison officials responded quickly once they were made aware of plaintiff's plight.  In short, having failed to show that the defendants were deliberately indifferent, plaintiff's failure to protect claim must be denied as frivolous.

### *Conclusion and Recommendation*

Therefore

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, January 17, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE